IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICHARD COX, )
)
    Plaintiff, )
)
v. ) CIVIL ACT. NO. 2:17cv490-CSC
) (WO)
AUTO OWNERS INSURANCE CO., )
and ELECTRIC INSURANCE CO., )
)
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Richard Cox ("Cox") filed this action in the Circuit Court of Montgomery County, Alabama on June 20, 2017, alleging an uninsured motorist claim against defendants Auto Owners Insurance Company ("Auto Owners") and Electric Insurance Company ("Electric"). On July 21, 2017, defendant Electric removed the case to this court solely on the basis of diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Cox is a citizen of Alabama, and the notice of removal asserts that defendant Electric is a Massachusetts corporation with its principal place of business in Massachusetts. Electric further asserts that Auto Owners is a Michigan corporation with its principal place of business in Michigan. Although Cox seeks compensatory and punitive damages, his complaint does not specify an amount of damages. Electric claims that because it has been named as a defendant, and its insurance policy is secondary coverage to Auto Owners, "[i]n order to make a claim against Electric Insurance, Plaintiff Cox must

be seeking more than the $100,000.00 policy of primary insurer, Auto Owners Insurance. Therefore, the amount in controversy exceeds the sum of $75,000.00." (Doc. # 1 at 5). On that basis, pursuant to 28 U.S.C. § 1441, Electric removed the case to this court.

Now pending before the court is the plaintiff's timely motion to remand in which he asserts that the defendants "have not met their burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." (Doc. # 10 at 1). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Upon consideration of the motion to remand, the briefs filed in support of and in opposition to the motion to remand, and for the reasons which follow, the court concludes that the motion to remand is due to be GRANTED, and this case remanded to the Circuit Court of Montgomery County, Alabama.

## II. STANDARD OF REVIEW

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). When a case is removed to federal court, a removing defendant's burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Any questions or doubts are to be resolved in favor of

returning the matter to state court on a properly submitted motion to remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. DISCUSSION

Electric removed this case solely on the basis of the court's diversity jurisdiction. To establish diversity jurisdiction, the removing party must not only demonstrate that the properly-joined parties are completely diverse, but, where the amount in controversy is not evident from the face of the complaint, the removing party must also demonstrate that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

Only Electric filed the notice of removal, even though in the notice of removal, Electric asserts that both defendants were served on June 22, 2015. (Doc. # 1 at 2). "28 U.S.C.A. § 1446(a) requires that all defendants who have been served must join in the notice of removal. *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326–27 (5th Cir. 1970); *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D. Ala. 2000) (Albritton, C.J.)." *Lampkin v. Media General, Inc.*, 302 F.Supp.2d 1293, 1294 (M.D. Ala. 2004). Electric further asserts in the notice of removal that "counsel for Electric Insurance has communicated with Jesse K. Anderson, counsel for Auto Owners Insurance, and he has informed of his client's consent to this removal." (Doc. # 1 at 3, ¶ 8). That is the extent of Auto Owners' alleged joinder or consent, and it is simply insufficient. "[B]ecause §1446 is to be construed strictly . . .

there is no such thing as implied joinder or consent. Instead, an official, affirmative and unambiguous joinder or consent to the notice of removal is required." *Tate v. Assurant Speciality Property*, 2017 WL 2274332, *3 (M.D. Ala. May 24, 2017) (Case No. 2:16cv836-SRW) (quoting *Lampkin*, 302 F.Supp.2d at 1294. Electric filed its notice of removal more than thirty days ago. However, Auto Owners has neither joined in the removal, nor has it filed a consent to removal. Thus, on this basis, the removal is defective.

Furthermore, the court concludes that Electric has failed to demonstrate that the amount in controversy exceeds $75,000.00. According to Electric, because its "coverage is excess over the Auto-Owners $100,000.00 policy limits, it will take $125,000.00 in damages to reach Electric Insurance's coverage."[1] (Doc. # 13 at 5-6). In *Roe v. Michelin N. Am., Inc.*, the Eleventh Circuit held that, when a case is removed on the basis of an initial complaint that does not plead a specific amount of damages, the removing defendant is required to show by a preponderance of the evidence that more likely than not the amount in controversy exceeds the jurisdictional minimum. 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citing *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)) (same); *Tapscott*, 77 F.3d at 1356-57. Moreover, it is axiomatic that, on a motion to remand, all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court. *See Burns*, 31 F.3d at 1095.

---

[1] Electric reaches this $125,000.00 amount by adding the $25,000.00 settlement amount already obtained from the tortfeasor. *See* Doc. # 13 at 5.

In his complaint, Cox alleges that on June 22, 2011, in Autauga County, Alabama, he was involved in a car accident when the underinsured motorist, Carey Smith, "was not paying attention to the road, was not driving reasonably for the road conditions, failed to stop, and collided with the rear of the vehicle driven by Plaintiff Cox." (Doc. # 1, Ex. 1 at 3, ¶ 9). On the face of his complaint, Cox seeks compensatory and punitive damages. (*Id.* at 4, ¶ 22). In their notice of removal, Electric provided a copy of the insurance declaration page indicating that Auto Owners policy limits for an accident was $100,000.00. (Doc. # 1, Ex D). However, there is no description in the complaint of the severity of injuries to Cox or damage to his vehicle. Electric presents no evidence of the severity of Cox's injuries or property damages. In its motion to remand, Cox indicates that in May 2014, his total amount of billed medical expenses was $46,401.78. (Doc. # 10 at 4) but also asserts that "the total amount of medical damages in this case is reduced by third-party payments made by BlueCross BlueShield of Alabama; and recovery in this matter will be offset by the $25,000.00 policy-limits settlement obtained from the tortfeasor." (*Id.*)

Absent from the complaint are any allegations from which one could draw any reasonable inference regarding the extent of damages. For example, it is not possible to discern from the complaint the extent of damages to Cox's vehicle. Similarly, the extent of Cox's physical injuries is left entirely to speculation. It is impossible to determine from the face of the complaint exactly what those damages encompass.

Although Electric urges the court to consider the limits of the underlying insurance

5

policies, in determining the amount in controversy, it is "the value of the claim, rather than the insurance policy's limits," that determines the amount in controversy. *Albrite Cleaning Servs., Inc. v. Travelers Indem. Co. of Am.*, 2016 WL 4371578, *2 (S.D. Fl. Jan. 27, 2016) (Case No. 15-81559-CIV-COHN/SELTZER); *Martins v. Empire Indem. Ins. Co.*, 2008 WL 783762, *2 (S.D. Fla. Mar. 21, 2008 ) (No. 08-60004-CIV) (collecting cases). "Where, as here, there is no controversy involving the face value of the policy, . . . it would make no sense to consider the policy's face value to be the amount in controversy." *Friedman*, 410 F.3d at 1357. In short, there is no evidence before the court from which it can determine the nature and extent of Cox's damages.

Finally, Electric urges the court to consider that Cox's "refusal to stipulate" that he would not seek more than $75,000.00 in damages as support for its position that his damages "more than likely" exceeds the jurisdictional requirement. In *Williams v. Best Buy Co., Inc*., the Court recognized that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy" a defendant's burden. 269 F.3d 1316, 1320 (11th Cir. 2001). The mere fact that Cox has declined to stipulate to less than $75,000.00 in damages is insufficient for the court to conclude that it is more likely than not that his damages exceed that amount.

Due to the lack of any factual detail in the complaint indicating the extent of damages at issue, the court cannot simply assume that the amount in controversy in this case exceeds the jurisdictional minimum. "The absence of factual allegations pertinent to

6

the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction *should not be divined by looking to the stars*." *Pretka*, 608 F. 3d at 753 (quoting *Lowery*, 483 F.3d at 1215) (emphasis in *Pretka*).

Accordingly, the court concludes that defendant Electric has failed to demonstrate that diversity jurisdiction exists because it has failed to establish by a preponderance of the evidence the amount in controversy exceeds $75,000, and thus, this case must be remanded to the Circuit Court of Montgomery County, Alabama.

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED and ADJUDGED that the plaintiff's motion to remand (doc. # 9) be and hereby is GRANTED and that this case be and is hereby REMANDED to the Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Montgomery County, Alabama.

Done this 5th day of October, 2017.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE